J-S22032-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| RAYMOND ANTHONY GATES, JR., | : | |
| | : | |
| Appellant | : | No. 1716 WDA 2014 |

Appeal from the Judgment of Sentence Entered September 9, 2014,
in the Court of Common Pleas of Erie County,
Criminal Division, at No(s): CP-25-CR-0001282-2014
and CP-25-CR-0002225-2010

BEFORE:    PANELLA, LAZARUS, and STRASSBURGER, JJ.*

MEMORANDUM BY STRASSBURGER, J.:                **FILED OCTOBER 6, 2015**

Raymond Anthony Gates, Jr. (Appellant) appeals from the judgment of sentence imposed after the revocation of his probation/parole and his sentence imposed after pleading guilty to theft by unlawful taking.  Counsel for Appellant has filed a petition to withdraw as counsel pursuant to *Anders v. California*, 386 U.S. 738 (1967) and *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009).  We affirm the judgment of sentence and grant the petition to withdraw.

The history of this case can be summarized as follows.  On September 30, 2010, Appellant pled guilty to burglary at CP-25-CR-0002225-2010 (2225 of 2010); and, on November 17, 2010, Appellant was sentenced to 11½ to 23 months' incarceration to be followed by 3 years' probation.  Appellant was paroled on April 12, 2011.  On December 19, 2012,

*Retired Senior Judge assigned to the Superior Court.

Appellant's sentence of parole and probation was revoked and he was sentenced to 11½ to 23 months' incarceration, with credit for 323 days for time served, to be followed by 3 years of probation. Appellant was paroled on April 6, 2013.

On September 9, 2014, Appellant pled guilty at CP-25-CR-0001282-2014 (1282 of 2014) to theft by unlawful taking, a third-degree misdemeanor. He was sentenced to three to twelve months' incarceration. On the same day, Appellant's sentence of parole and probation was revoked, and he was sentenced to a period of incarceration of fifteen to thirty months to be served concurrently with his sentence at 1282 of 2014.

On September 19, 2014, Appellant timely filed a post-sentence motion. In that motion, Appellant asserted that the trial court erred in failing to consider the fact Appellant had already served significant time in jail. Specifically, Appellant argued "that not giving him said credit is unfair under the circumstances" due to the "substantial amount of time [Appellant] has already served in jail." 10 Day Motion to Reconsider Sentence, 9/19/2014, at 1, 2. The trial court denied that motion, and Appellant timely filed a notice of appeal from both his new sentence and his revocation sentence. The trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925, and Appellant timely complied.

The following principles guide our review of this matter:

Direct appeal counsel seeking to withdraw under **Anders** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof….

**Anders** counsel must also provide a copy of the **Anders** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.

If counsel does not fulfill the aforesaid technical requirements of **Anders**, this Court will deny the petition to withdraw and remand the case with appropriate instructions (e.g., directing counsel either to comply with **Anders** or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy **Anders**, we will then undertake our own review of the appeal to determine if it is wholly frivolous. If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

**Commonwealth v. Wrecks**, 931 A.2d 717, 720-21 (Pa. Super. 2007)

(citations omitted).

Our Supreme Court has clarified portions of the **Anders** procedure:

Accordingly, we hold that in the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361.

Based upon our examination of counsel's petition to withdraw and ***Anders*** brief, we conclude that counsel has substantially complied with the above requirements.[1] Once "counsel has met these obligations, 'it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous.'" ***Commonwealth v. Flowers***, 113 A.3d 1246, 1249 (Pa. Super. 2015) (quoting ***Santiago***, 978 A.2d at 354 n. 5).

According to counsel, Appellant wishes to challenge the discretionary aspects of his sentence: "Whether the Appellant's sentence is manifestly excessive, clearly unreasonable and inconsistent with the objectives of the Pennsylvania Sentencing Code?" Appellant's Brief at 3.

Instantly, Appellant is appealing both his new sentence at 1282 of 2014 and his revocation sentence at 22250 of 2010. Both challenges are within our scope of review. ***See Commonwealth v. Ferguson***, 893 A.2d 735, 737 (Pa. Super. 2006) (holding that it is within this Court's scope of review to consider challenges to the discretionary aspects of an appellant's sentence in an appeal following a revocation of probation); ***see also Commonwealth v. Ahmad***, 961 A.2d 884, 886 (Pa. Super. 2008) ("A

---

[1] Appellant has not responded to counsel's petition to withdraw.

challenge to an alleged excessive sentence is a challenge to the discretionary aspects of a sentence.").

An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).

*Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013) (citation omitted).

The record reflects that Appellant timely filed a notice of appeal and Appellant has included in his brief a statement pursuant to Pa.R.A.P. 2119(f). Moreover, Appellant has preserved the issue of "sentence length" in his post-sentence motion by arguing the trial court erred by failing to consider what is purportedly a mitigating factor that Appellant has served significant jail time.[2] *See* Appellant's Brief at 6. We now consider whether

---

[2] Appellant's post-sentence motion is confusing because he uses the term of art "credit for time served" to reference the substantial time Appellant spent in jail. However, pre-trial incarceration is traditionally termed "time served." In the context of a claim challenging the discretionary aspects of sentence, the proper terminology would be failure to consider a mitigating factor, namely that Appellant has served significant time in jail. *See* 10 Day Motion to Reconsider Sentence, 9/19/2014. Moreover, the issue stated in Appellant's concise statement is the following: "The trial court committed an

Appellant has presented a substantial question for our review as to each sentence.

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. ***Commonwealth v. Paul***, 925 A.2d 825, 828 (Pa. Super. 2007). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Griffin***, 65 A.3d at 935 (citation and quotation marks omitted).

Appellant contends that the trial court failed to consider one of the factors set forth in 42 Pa.C.S. § 9721(b). Those factors are "that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). The factor Appellant claims the trial court did not consider is the amount of time Appellant has already spent

_____

error of law or abused its discretion at the time of sentence as that [Appellant] was not properly credited for time he spent incarcerated." Statement of Matters Complained of on Appeal, 11/6/2014, at ¶ 6. Moreover, the trial court was confused as well, as its opinion addressed only its rationale of how it would credit Appellant's time that he had spent in jail prior to pleading guilty. ***See*** Trial Court Opinion, 11/12/2014, at 2.

in jail. Such a challenge does not raise a substantial question as it does not fall into any of the aforementioned categories. Appellant committed a new crime while he was on probation for a crime for which he had been incarcerated twice previously. Consideration of that factor is proper under the sentencing code and therefore not a basis to raise a substantial question. **See** 42 Pa.C.S. § 9771(c)(1) ("The court shall not impose a sentence of total confinement upon revocation unless it finds that: (1) the defendant has been convicted of another crime[.]"); **Commonwealth v. Shugars**, 895 A.2d 1270, 1275 (Pa. Super. 2006) ("Trial courts are permitted to use prior conviction history and other factors already included in the guidelines *if, they are used to supplement other extraneous sentencing information*." (emphasis in original)).

Based on the foregoing, we conclude that Appellant's issue challenging the discretionary aspects of his sentence is frivolous. Moreover, we have conducted "a full examination of the proceedings" and conclude that "the appeal is in fact wholly frivolous." **Flowers**, 113 A.3d at 1248. Thus, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 10/6/2015